(R.D. 11708)

S.C.A. International, Inc. v. United States

Entry No. 13286.

(Decided June 2, 1970)

*Walter E. Doherty, Jr.*, for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Glenn E. Harris, Patrick D. Gill*, and *Andrew P. Vance*, trial attorneys), for the defendant.

Donlon, Judge: Plaintiff appeals for reappraisement of footwear imported from Italy at the port of Boston in 1966. The merchandise was entered at invoice unit values, to which the appraiser added 3 cents per pair as f.o.b. charges from Florence to Leghorn. Florence is the situs of shipment; Leghorn is the port from which the footwear was dispatched by boat to Boston.

The Rule 15 statements filed by plaintiff and defendant both contend for export value, defined in section 402(b) of the Tariff Act of 1930, as amended, as the statutory basis of valuation. It was stipulated in open court that the merchandise at bar does not appear in the Final List of the Secretary of the Treasury (T.D. 54521). The only item in

dispute is the assessment addition of f.o.b. charges of 3 cents per pair. This is the familiar issue as to whether price ex-factory did or did not include inland charges.

The evidence introduced by plaintiff is conflicting. The special customs invoice, part of the official papers, is quite specific in stating that the price was "Free Florence", adding to the total invoice price a stated sum for "Carriage" from Florence, and (in response to questions required to be answered by the seller) alleging *inter alia* that inland freight was not included in the invoice price, that the value of the footwear is not the same at the factory as at the point of delivery, and that the seller has made sales at ex-factory prices. This special customs invoice, covering an aggregate of 1425 cartons of footwear of various sizes, was signed for the seller, "Coquette", of Quarrata, Pistoia, Italy, by Savino Del Bene, on October 3, 1966, and was filed at Boston with the entry (No. 13286) on October 18, 1966.

After appraisal at a value exceeding entered value by the addition of inland charges, plaintiff filed this appeal to reappraisement.

On trial, after postponements at plaintiff's request, plaintiff's proofs consisted of the official papers (including the original special customs invoice); an affidavit of Savino Del Bene verified April 4, 1969, attached to which are some papers that include special customs invoices; and an affidavit of Raffaello Lunardi, verified March 28, 1969. Mr. Del Bene is the person who signed the original customs invoice for the seller. Mr. Lunardi describes himself as "of Coquette, S.R.L., Quarrata, Pistoia, Italy," and says he is "familiar with the account which my company has maintained with SCA International of Columbus, Ohio, U.S.A., and particularly with respect to the shipment of shoes" which are the merchandise at bar.

Mr. Del Bene categorically asserts that in preparing the Special Customs Invoices (*sic*) he "inadvertently and by error, stated therein that the merchandise was subject to inland freight charges from Florence, Italy to Leghorn, Italy, when in fact such inland charges were included in the invoice prices, said prices being f.o.b. prices, Leghorn, Italy" and in support of this assertion he attached new invoices, including several new customs invoices dated October 4, 1966 for fractional parts (but aggregating the entirety) of the merchandise included in the single original customs invoices of October 3, 1966.

Defendant called as its witness Paul W. Madden, the import specialist of the Bureau of Customs at Boston who made the advisory appraisement of the merchandise at bar by adding f.o.b. charges to ex-factory prices. Mr. Madden stated, and affirmed on cross-examination, that in importations of Coquette footwear he had found some sales at ex-factory prices and some sales at f.o.b. prices. This agrees

with the statement of Mr. Del Bene in the original customs invoice. Mr. Madden further stated that the Bureau investigation of Coquette indicated that Coquette was not correctly invoicing merchandise.

The issue narrows down to one of credibility and the weight to be assigned to conflicting evidence.

In *Dominick Butti* v. *United States*, 49 CCPA 1, C.A.D. 778 (1961), the official papers were not offered in evidence, as they were here. Plaintiff there argued that, since they were not in evidence, the court below erred in considering statements in the official papers which were contrary to later statements made in affidavits which plaintiff introduced as evidence. Notwithstanding that the official papers had not been offered in evidence, our appeals court held that for the purpose of impeaching credibility it was proper to consider the effect of inconsistent statements made in a consular invoice and in the affidavit of the importer. There, the court below had found that the affidavit was entitled to little, if any, weight.

Here the affidavits of Mr. Del Bene and Mr. Lunardi are sparse assertions of stated facts, diametrically opposed to the originally stated facts. They explain neither how so significant an "error" occurred, nor what are their employment duties with Coquette which make them privy to the facts they assert. Neither has the court been apprised as to plaintiff's original understanding of its price obligation. For instance, what did plaintiff actually pay for the merchandise at bar—only the *ex*-factory prices, or those prices plus inland freight? We have not been told. Again, if Coquette made out new customs invoices on October 4, 1966, correcting those of the previous day, why was the "erroneous" invoice filed with the entry on October 18, 1966? Where were the "corrected" invoices between October 4, 1966, and their attachment to Mr. Del Bene's affidavit of April 4, 1969?

In view of Mr. Madden's testimony, based on his access to the documentation of various Coquette shipments; the lack of explanation of the inconsistency between statements made by seller in its original and the revised customs invoices; and the paucity of evidence corroborative of what is alleged to have been error; held, on the weight of evidence, plaintiff's proofs fail to overcome the presumption of correctness attaching to the appraisement.

I find as facts the following:

1. The merchandise at bar consists of 1425 cartons of footwear imported from Italy at the port of Boston in 1966.

2. The merchandise was entered at invoice unit values, to which the appraiser added 3 cents per pair as f.o.b. charges from Florence, the situs of shipment, to Leghorn, the port from which the footwear was dispatched by boat to Boston.

3. Said merchandise was appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended.

4. The merchandise at bar does not appear in the Final List of the Secretary of the Treasury (T.D. 54521).

5. The only item in dispute is the assessment addition to entered value of f.o.b. charges of 3 cents per pair.

I make the following findings of law:

1. The presumption of correctness attaching to the appraised values has not been overcome.

2. Export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the merchandise covered by the reappraisement appeal herein.

3. The export values of the merchandise at bar are the respective appraised values.

Judgment will be entered accordingly.